IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEREMIAH RAMON HILL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-09-1003-F |
| | ) | |
| MIKE MULLIN, | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Mr. Jeremiah Hill seeks habeas relief and the Respondent has moved for dismissal on grounds of timeliness. The Court should grant the Respondent's motion.

BACKGROUND

In August 2005, Mr. Hill pled guilty and obtained convictions in two state criminal cases, Case No. CF-2002-213 and Case No. CF-2005-98. *See* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody at p. 1 & Attachment 1 (file-stamped Sept. 11, 2009) ("Petition"). In both cases, the state district court postponed sentencing and ordered Mr. Hill to proceed in the Drug Court program. *See id.*, Attachment 1 & Exhibit 1 at pp. 6-12. Based on allegations of program noncompliance, the State sought to terminate Mr. Hill's participation and asked the trial court to set a sentence. *See id.*, Attachment 1. The parties agree that the trial court granted the motion and sentenced Mr.

Hill to a period of incarceration on January 30, 2006.[1] The trial judge told Mr. Hill that he had ten days to move for vacatur,[2] but the Petitioner did not exercise this option.

In one of the cases, the Petitioner unsuccessfully sought judicial review of the sentence under Okla. Stat. tit. 22 § 982a.[3] And in both cases, Mr. Hill filed an application for post-conviction relief on October 9, 2008. *See* Petition at p. 2; Petitioner's Response at p. 2. The state district court denied the application and the Oklahoma Court of Criminal Appeals affirmed on May 20, 2009. *See* Petition at pp. 2-5 & Attachments 2-3.

Mr. Hill began the present action on September 9, 2009.[4]

## STANDARD FOR DISMISSAL

Federal statutes do not address the standard for dismissal in habeas proceedings. Thus, the Federal Rules of Civil Procedure apply.[5]

---

[1] *See* Petition at p. 1; Brief in Support of Motion to Dismiss Habeas Corpus Petition as Time-Barred by the Statute of Limitations at p. 2 (Oct. 23, 2009); Petitioner's Response to Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus Brief in Support at p. 2 (Nov. 9, 2009) ("Petitioner's Response").

[2] *See* Petition, Exhibit 2 at p. 8; *see also infra* pp. 5-6 & note 9.

[3] *See* Motion for Judicial Review, *State v. Hill*, Case No. CF-2005-98A (Custer Co. Dist. Ct. Dec. 20, 2006); Court Order/Minute, *State v. Hill*, Case No. CF-2005-98A (Custer Co. Dist. Ct. Jan. 2, 2007); *see also* Order (Dec. 30, 2009) (taking judicial notice of the two cited documents).

[4] The petition is deemed "filed" when Mr. Hill had given the document to prison officials for mailing. *See Fleming v. Evans*, 481 F.3d 1249, 1255 n.2 (10th Cir. 2007). That date was September 9, 2009. *See* Petition at p. 8.

[5] *See* Fed. R. Civ. P. 81(a)(4); *see also* Rule 12, Rules Governing Section 2254 Cases in the United States District Courts (creating discretion to apply the Federal Rules of Civil Procedure in actions arising under 28 U.S.C. § 2254).

The Respondent did not invoke a particular rule, but generally argued that the petition was out-of-time. Because the argument was based on allegations in the habeas petition, the issue is governed by Federal Rule of Civil Procedure 12(b)(6).[6] Under this rule, the Court must dismiss the petition when it fails to state a claim on which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In applying this standard, the Court assumes the truth of all factual allegations in the petition and construes them in the light most favorable to Mr. Hill. *See Bryson v. Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

The motion to dismiss was based on the statute of limitations, which constitutes an affirmative defense. *See* Fed. R. Civ. P. 8(c)(1). Nonetheless, "[i]f the allegations [in the petition] . . . show that relief is barred by the applicable statute of limitations, the [petition] is subject to dismissal for failure to state a claim . . . ."[7] On this issue, the Petitioner bears the burden to establish "a factual basis for tolling" "when the dates given in the [petition] make clear that the right sued upon has been extinguished." *Aldrich v. McCulloch Properties, Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980) (citations omitted).

---

[6] *See Aguilera v. Kirkpatrick*, 241 F.3d 1286, 1290 (10th Cir. 2001) (holding that a motion to dismiss in a habeas proceeding arises under Fed. R. Civ. P. 12(b)(6)); *see also Walker v. True*, 399 F.3d 315, 319 n.1 (4th Cir. 2005) ("In section 2254 proceedings, the state's . . . motion to dismiss is filed pursuant to Fed. R. Civ. P. 12(b)(6)." (citations omitted)).

[7] *Jones v. Bock*, 549 U.S. 199, 215 (2007); *see also Rigsbee v. Oklahoma Department of Human Services*, 2007 WL 49091, Westlaw op. at 1 n.6 (W.D. Okla. Jan. 4, 2007) (unpublished op.) ("When a complaint shows that the claims are time-barred, dismissal for failure to state a valid claim is appropriate." (citation omitted)).

# THE HABEAS PETITION WAS UNTIMELY

As the Respondent argues, the habeas petition was filed too late.

I. <u>The Statute of Limitations</u>

Under federal law, a petitioner has one year to file a federal habeas petition. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1).

The threshold question is when the one-year period began. According to the statute, the limitations period begins from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> . . . .
>
> [or]
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A)-(B), (D).

II. <u>The Petitioner's Reliance on 28 U.S.C. § 2244(d)(1)(B) and (D)</u>

Mr. Hill alleges that he had been unaware of his appeal rights, blaming his lack of knowledge on the trial court and his attorney for failure to explain the process. Petition at pp. 2-3, 5; Petitioner's Response at pp. 3-4. According to the Petitioner, the failure to

4

provide this explanation excuses his delay. Petitioner's Response at pp. 3-4. The Petitioner is mistaken.

A. Section 2244(d)(1)(B)

Subsection 2244(d)(1)(B) applies only when a state-created impediment prevents timely filing. *See supra* p. 4. Mr. Hill apparently believes that an impediment had existed through the failure of his attorney and the trial court to provide adequate advice regarding the right to appeal. The Petitioner is incorrect because:

- ineffective legal assistance does not constitute a "state-created impediment,"

- the transcript attached to the petition reflects an unequivocal explanation of Mr. Hill's right to appeal, and

- ignorance about his appellate rights would not have explained the failure to file a timely habeas petition.

First, Section 2244(d)(1)(B) does not apply because the attorney's alleged deficiencies would not constitute state action.[8]

Second, the record reflects an unequivocal explanation by the trial court regarding Mr. Hill's right to appeal:

> That's a final Judgment and Sentence. As such you have the right to appeal. If you want to appeal the Court's ruling, you must within 10 days of today move the Court to vacate [the] Judgment and Sentence. If after a hearing Motion to Vacate were denied, you must within 90 days of today file your

---

[8] *See Brooks v. Jones*, 2008 WL 1733387, Westlaw op. at 1, 3 n.6 (W.D. Okla. Apr. 14, 2008) (unpublished op.) (holding that ineffective assistance of counsel did not constitute "a state-created impediment" under Section 2244(d)(1)(B) with respect to "the filing of [a] federal habeas action" (citation omitted)); *accord Powell v. Davis*, 415 F.3d 722, 727-28 (7th Cir. 2005) (holding that a public defender's misconduct could not create a "state-created impediment" under Section 2244(d)(1)(B) because of the absence of state action).

5

> Petition in Error- - or Petitions in Error with the Court of Criminal Appeals. If you want to appeal the Court's ruling, are unable to afford an attorney or a record of these proceedings, then upon showing that you're indigent I could and would furnish you an attorney and a record of these proceedings at no cost to you and at the expense of the State for appeal purposes only. Do you understand all that?

Petition, Exhibit 2 at pp. 8-9. The Petitioner responded that he understood these rights. *Id.*, Exhibit 2 at p. 9. As a result, the record belies the Petitioner's allegation that he had not been told of his appeal rights.[9] He had, and the Court should reject his argument as inconsistent with the record.[10]

Finally, the alleged failure to explain the right to appeal would not account for Mr. Hill's delay in filing a habeas petition. *See Randle v. Crawford*, 578 F.3d 1177, 1184 (9th Cir. 2009).[11]

For these three reasons, Mr. Hill's alleged confusion over his appeal rights would not trigger extension of the limitations period under Section 2244(d)(1)(B).

---

[9] In his response brief, Mr. Hill acknowledges that at the hearing on January 30, 2006, "[h]e was advised of his appeal rights." Petitioner's Response at p. 2. In this passage, Mr. Hill denies that he had understood the rights but concedes that he had been told about them. *Id.*

[10] *See Triplet v. Jordan*, Case No. CIV-05-417-C, slip op. at 8 (W.D. Okla. July 29, 2005) (unpublished report and recommendation by magistrate judge, rejecting the petitioner's argument that the state district court's failure to render advice concerning appeal rights constituted a state-created impediment under Section 2244(d)(1)(B)), *adopted* (W.D. Okla. Aug. 25, 2005) (unpublished order by district judge).

[11] In *Randle v. Crawford*, the petitioner invoked 28 U.S.C. § 2244(d)(1)(B) and argued that his attorney had failed to file a direct appeal. *See Randle v. Crawford*, 578 F.3d at 1184. The Ninth Circuit Court of Appeals rejected the argument, reasoning that the attorney's failure to perfect a timely direct appeal would not explain the failure to file a timely habeas petition. *Id.*

B.  Section 2244(d)(1)(D)

Mr. Hill also relies on Section 2244(d)(1)(D) to excuse his delay. This section does not apply.

Under Section 2244(d)(1)(D), the limitations period begins on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(D); *see supra* p. 4. According to Mr. Hill, he did not learn about the factual predicate of his claims until October 9, 2008, when he filed an application for post-conviction relief. Petitioner's Response at p. 4. The Court should reject this argument.

In the habeas petition, Mr. Hill has asserted three claims:

- ineffective assistance of trial counsel for failure to appeal the order of termination from the Drug Court program or provide advice regarding the right to appeal,

- failure by the trial court to hold a timely hearing on the revocation of a suspended sentence, and

- failure by the trial court to properly explain the right to appeal.

Petition at pp. 2-5. The Petitioner had been aware of the factual basis for these claims prior to October 2008.

As noted above, Mr. Hill argues in part that his attorney had failed to:

- appeal the termination of participation in the Drug Court program or

- provide advice regarding how to appeal.

*Id.* at pp. 2-3; *see supra* p. 7. These claims are based on an alleged failure to understand what the judge had said at the sentencing. Petition at p. 3.[12] Thus, the factual basis for this claim would have become apparent at the time of sentencing, rather than over two years later.

Mr. Hill also claims that the trial court had failed to provide a timely hearing on revocation of the suspended sentence. *Id.* at p. 4; *see supra* p. 7. Relying on Section 2244(d)(1)(D), Mr. Hill argues that he did not become aware of the basis for this claim until October 9, 2008, when he filed the post-conviction application. *See supra* p. 7. This argument is invalid as a matter of law.

The Petitioner appears to be confused about what had transpired and the required timing for the hearing. He did not receive a suspended sentence, and the State did not file an application to revoke a suspended sentence. Instead, the State simply moved to terminate Mr. Hill's participation in the Drug Court program and to impose a sentence. Petition, Exhibit 1. As the state district judge explained,[13] Oklahoma law does not provide a 20-day requirement for a hearing on termination from the Drug Court program. Instead, Oklahoma

---

[12] In the petition, Mr. Hill alleges:

> Counsel should have further explained the procedures and ask the petitioner if he wanted to file an appeal, because it's evident that he did not understand the Judge when he explain [sic] the appeal rights, such words as move the court to vacate, file a Petition in Error even though the petitioner said that he understood, counsel knew the petitioner and knew that he did not understand what to do to start an appeal.

Petition at p. 3.

[13] Petition, Attachment 2 at p. 2.

law simply requires notice to the offender at least three days before the hearing is to take place. Okla. Stat. tit. 22 § 471.7(B).

Under the Petitioner's theory, the factual basis for his claim would have been reasonably discoverable when the 20-day period expired. The problem with this theory is that there is no 20-day period. Because no such period existed, one cannot say when it should have ended. Mr. Hill cannot postpone the limitations period based on events that did not take place and a statutory deadline that did not exist.

Mr. Hill also alleges in the petition that he had not been "properly advised of his right to appeal by the court." Petition at p. 5; *see supra* p. 7. In support, Mr. Hill states:

> Petitioner did not understand the legal terminologies stated by the judge in explaining his appeal rights and how to start the appeal process, nor did he ask the Petitioner if he wanted an appeal or to appeal his termination from drug and revocation of the drug court suspended sentence.

Petition at p. 5. Mr. Hill's admissions reflect his awareness of the factual basis for his habeas claim at the time of sentencing rather than over two years later. *See supra* pp. 7-8.

III.    Applicability of 28 U.S.C. § 2244(d)(1)(A)

From the habeas petition, one cannot tell whether the claims are based on Mr. Hill's termination from the Drug Court program or the underlying convictions.[14] Either way, however, the habeas petition would be untimely.

---

[14] *Compare* Petition at p. 2 (complaining about the failure to appeal termination from the Drug Court program), *and id.* at p. 5 (complaining about the failure to explain appeal rights involving termination from the Drug Court program and revocation of the suspended sentence), *with* Petitioner's Response at p. 3 (complaining about the failure to explain the right to file a motion to withdraw the guilty plea).

9

A.   Applicable Appeal Procedures

Two appeal procedures are potentially implicated. The first involves an appeal from Mr. Hill's termination in the Drug Court program. The other involves an appeal from the underlying convictions. The habeas petition is untimely under either scenario.

B.   Calculation of the Statutory Period for a Habeas Claim Based on Termination from the Drug Court Program

When a defendant challenges termination from a Drug Court program, the appeal time starts with issuance of the judgment and sentence. *See* Rules 1.2(D)(5)(b), 1.2(D)(6)(a), Rules of the Oklahoma Court of Criminal Appeals. The defendant then has 10 days to file a notice of intent to appeal and 90 days to file a petition in error. *See* Rule 2.1(B)-(C), Rules of the Oklahoma Court of Criminal Appeals. The Court may assume *arguendo* that the convictions did not become "final" until expiration of the 90-day period. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A); *see also supra* p. 4.

The judgment and sentence was entered on January 30, 2006. *See supra* pp. 1-2. Thus, the conviction would have become final, at the latest, 90 days later. *See supra* p. 10. That deadline would have fallen on May 1, 2006.[15] Thus, in the absence of tolling, the one-year period would have expired on May 1, 2007, for a habeas claim based on termination from the Drug Court program. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A).

---

[15]   The 90th day would have fallen on April 30, 2006. Because that day was a Sunday, Mr. Hill would have automatically gained an extra day to file a petition in error. *See* Rule 1.5, Rules of the Oklahoma Court of Criminal Appeals.

### C. Calculation of the Statutory Period for a Habeas Claim Involving the Underlying Convictions

When a defendant pleads guilty and the trial court defers sentencing pending completion of the Drug Court program, the circumstances are "comparable to the situation wherein a defendant's sentence is deferred pending the successful completion of certain terms of probation." *Hagar v. State*, 990 P.2d 894, 898 (Okla. Crim. App. 1999). In either situation, the defendant may file a motion to withdraw the plea within ten days of the judgment. *See* Rules 1.2(D)(5)(a)(iii) & 4.2(A), Rules of the Oklahoma Court of Criminal Appeals.

The judgment was issued on January 30, 2006. *See supra* pp. 1-2, 10. Mr. Hill did not seek to withdraw his guilty plea,[16] and the convictions became "final" on February 9, 2006.[17] Thus, in the absence of tolling, the one-year period would have ended on February 9, 2007, for a habeas challenge to the conviction. *See* Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(1)(A).

## IV. Statutory Tolling

Under certain circumstances, federal law authorizes tolling of the limitations period. These circumstances are not present here.

---

[16] *See supra* p. 2.

[17] *See Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir. 2006) (holding that the Oklahoma judgments became final under 28 U.S.C. § 2244(d)(1) ten days after acceptance of a guilty plea and imposition of the sentence).

The relevant statute provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2).

Mr. Hill waited until October 9, 2008, to seek post-conviction relief. *See supra* p. 2. By then, the limitations periods would have expired on either potential habeas claim in the absence of equitable tolling. *See supra* pp. 9-11. Accordingly, the limitations period was not tolled under 28 U.S.C. § 2244(d)(2) by the filing of a post-conviction application. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) ("Fisher's petitions cannot be tolled for time spent in state post-conviction proceedings because his applications for post-conviction relief were not filed until [his limitations period had already expired].").[18]

---

[18] In Case No. CF-2005-98, Mr. Hill filed a "Motion for Judicial Review" under Okla. Stat. tit. 22 § 982a. *See* Motion for Judicial Review, *State v. Hill*, Case No. CF-2005-98A (Custer Co. Dist. Ct. Dec. 20, 2006); *see also* Order (Dec. 30, 2009) (taking judicial notice of the cited document). But this motion would not toll the limitations period, as it does not constitute "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment . . . ." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d)(2); *see Bohon v. Oklahoma*, 313 Fed. Appx. 82, 84 n.1 (10th Cir. Apr. 3, 2008) (unpublished op.) (stating that motions under Section 982a for sentence modification "do not toll the limitations period" because they do not constitute "application[s] for post-conviction relief" (citations omitted)), *cert. denied*, __ U.S. __, 129 S. Ct. 398 (2008); *Nicholson v. Higgins*, 147 Fed. Appx. 7, 8 n.2 (10th Cir. Aug. 2, 2005) (unpublished op.) (stating that motions for judicial review under Okla. Stat. tit. 22 § 982a "do not constitute post-conviction proceedings for purposes of tolling the [Antiterrorism and Effective Death Penalty Act of 1996] limitations period"); *Clemens v. Sutter*, 230 Fed. Appx. 832, 834 n.1 (10th Cir. May 2, 2007) (unpublished op.) (concluding that a habeas petitioner's motion to modify his sentence under Okla. Stat. tit. 22 § 982a did not constitute a post-conviction proceeding that would "toll the limitations period" under 28 U.S.C. § 2244(d)(2)).

V.　　　Equitable Tolling

The limitations period may also be subject to equitable tolling "in rare and exceptional circumstances,"[19] as long as the petitioner had diligently pursued his federal habeas claims.[20] But equitable tolling is not justified here.

Mr. Hill urges equitable tolling based on the failure to properly advise him of his appeal rights on January 30, 2006. Petitioner's Response at p. 5. But even if the Court were to credit the allegation, it would not explain Mr. Hill's delay of over two years and eight months to file his application for post-conviction relief. Consequently, the Petitioner is not entitled to equitable tolling for the failure to advise him of his appeal rights on January 30, 2006. *See Young v. Saffle*, 24 Fed. Appx. 843, 844 (10th Cir. Oct. 11, 2001) (unpublished op.);[21] *Triplet v. Jordan*, Case No. CIV-05-417-C (W.D. Okla. July 29, 2005) (unpublished report and recommendation by magistrate judge) (no equitable tolling when the petitioner had relied on a failure to provide advice regarding the right to appeal), *adopted* (W.D. Okla. Aug. 25, 2005) (unpublished order by district judge).

---

[19]　　*York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

[20]　　*See Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000).

[21]　　In *Young*, the petitioner pled guilty in 1995, and the limitations period began to run with enactment of the Antiterrorism and Effective Death Penalty Act of 1996. *See Young v. Saffle*, 24 Fed. Appx. 843, 844 (10th Cir. Oct. 11, 2001) (unpublished op.). The petitioner did not file his first application for post-conviction relief until July 1997. *See id.* Urging equitable tolling, the petitioner claimed that he had been unaware of his right to appeal the guilty plea. *See id.* The Tenth Circuit Court of Appeals rejected the excuse because it did not explain the "lengthy gap" between the petitioner's conviction and the filing of his first application for post-conviction relief. *Id.*

VI. <u>Summary</u>

Mr. Hill is not entitled to statutory or equitable tolling. As a result, the limitations periods expired, at the latest, on May 1, 2007, and the filing of the habeas petition over two years later was untimely. In these circumstances, the Court should grant the Respondent's motion to dismiss on grounds of timeliness.

NOTICE OF THE RIGHT TO OBJECT

The parties can object by filing an objection with the Clerk of this Court by January 18, 2010. *See* Fed. R. Civ. P. 6(a)(3)(A), 6(d), 72(b)(2); Rule 8(b), Rules Governing Section 2254 Cases in the United States District Courts; 28 U.S.C. § 636(b)(1). The failure to timely object would foreclose appellate review of the suggested ruling.[22]

STATUS OF THE REFERRAL

The referral is discharged.

Entered this 30th day of December, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[22] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

14